THE AMERICAN RAILROAD CO. *v.* MIRANDES ET AL.

APELACIÓN procedente de la Corte de Distrito de Ponce.

No. 129.—Resuelto en junio 22, 1907.

EXPROPIACIÓN FORZOSA—APELACIÓN DEL VEREDICTO DEL JURADO.—Las cortes de distrito no tienen facultades para negárse á conocer de una apelación interpuesta contra el veredicto del jurado en los casos de expropiación forzosa, y por consiguiente la mera presentación al secretario del escrito interponiendo la apelación es suficiente para que ésta se considere admitida, sin que sea necesaria orden alguna de la corte á ese efecto.

ID.—RESOLUCIÓN—DE LA APELACIÓN.—El término de quince días que para resolver la apelación contra el veredicto del jurado concede la sección 18 de la ley de expropiación forzosa de marzo 12, 1903, y que, según dicha sección, debe contarse desde la *admisión* de la apelación, debe entenderse desde el *perfeccionamiento* de la apelación, lo que tiene lugar por la presentación del escrito interponiéndola, no siendo necesario que la parte gestione en forma alguna para que la corte oiga y resuelva la apelación.

ID.—Tan pronto como se entregue el escrito de apelación al secretario, éste debe informar de ello á la corte, la que señalará día y hora para oir á las partes, dentro del término que previene la ley; pero este precepto que fija el término para resolver la apelación, no ha de considerarse como una limitación imperiosa, sino meramente indicativa, y cuando las circunstancias lo exijan, el tribunal puede conocer de dicha apelación y resolverla después de vencido dicho término.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. José Tous Soto.*

Abogado del apelado: *Sr. Poventud.*

EL JUEZ ASOCIADO SR. MACLEARY, emitió la opinión del tribunal.

El presente es un recurso de apelación interpuesto contra sentencia dictada el día 2 de marzo de 1907, por la Corte de

Distrito de Ponce, en un procedimiento de expropiación forzosa de una faja de terreno para una servidumbre de camino á favor de la compañía del ferrocarril. El jurado llamado para ese propósito había determinado el precio del terreno, y la compañía del ferrocarril interpuso recurso de apelación para ante la corte de distrito, de acuerdo con la sección 18 de la Ley de Expropiación forzosa. (Véanse las leyes de la sesión de 1903, p. 55.)

La sentencia contra la cual se interpuso apelación, declara que no há lugar á oir la apelación interpuesta por ambas partes, y que se ejecutara el fallo del jurado que confiere á la American Railroad Co. of Porto Rico el dominio de las parcelas de terreno descritas para que las tuviese, expropiase y poseyese con el exclusivo fin para el cual pretende la expropiación, y que se entregase á la parte demandada la suma consignada por la demandante en poder del secretario de esta corte como indemnización tasada por el jurado, y que pagase la segunda de dichas partes, es decir, la American Railroad Co., á la primera, ó sea José Mirandes Olivo y otros, las costas del tribunal, y que fuese admitida la sentencia para su inscripción en el registro de la propiedad. Esta resolución definitiva fué dictada el día 2 de marzo de 1907.

Los motivos en que se funda la Corte de Distrito de Ponce al dictar esta sentencia no son suficientes; es decir, que la sección 18 de la Ley aprobada en 12 de marzo de 1903 para regular la expropiación forzosa de terrenos, dispone que las apelaciones contra el veredicto del jurado deben presentarse á la corte y ser sometidas para su admisión, y además que debían ser determinadas dentro de 15 días; no habiendo el apelante cumplido con dichas disposiciones de la ley en el presente caso.

En casos de expropiación forzosa como la presente, según se verá de un detenido examen de toda la ley, no es necesario que la corte de distrito dicte resolución admitiendo formal-

mente la apelación; el simple acto de dar aviso de la apelación y de presentarla en la secretaría de la corte de distrito, presupone ó presume la admisión del recurso por la corte, puesto que la corte no tiene ni facultad ni autoridad para negarse á considerar el recurso de apelación. Probablemente la palabra *admisión* fué usada inadvertidamente en la ley, en vez de la palabra formalización, puesto que la apelación queda formalizada al dar el aviso que exige la ley. Si el asunto no fué resuelto por la corte dentro de los 15 días después de haberse formalizado el recurso de apelación, el apelante no tiene la culpa, no siendo necesaria ninguna moción por parte del apelante para empezar la marcha del mecanismo del tribunal, siendo el deber de la corte, sin ulterior indicación, resolver el caso dentro del término prescrito por la ley. Sin embargo, la omisión de este deber, si no lo cumple la corte, no priva al apelante de ninguno de sus derechos, y sólo expone al tribunal á tal censura oficial, ú otra clase, que le pueda acarrear dicha falta. Cuando la apelación queda formalizada mediante aviso dado al secretario, este funcionario debe llamar la atención del tribunal sobre el hecho, y el caso debe señalarse para la vista en alguna fecha dentro de los 15 días prescritos por la ley, y debían ser notificadas las partes contendientes para que puedan comparecer y pronunciar los informes orales que consideren convenientes, y de este modo ayudar al juez á resolver correctamente el caso. Pero el término de 15 días señalado por las Leyes, no es una limitación mandatoria, y puede considerarse solamente directoria; pues puede suceder muchas veces que las cortes se encuentren tan completamente ocupadas con otros asuntos de igual ó quizás mayor importancia, que les fuere imposible en tan breve tiempo resolver un caso de esta naturaleza. (*Pueblo* v. *Lake County,* 33 Cal., 483; *Tuohy* v. *Chase,* 30 Cal., 325; *Pueblo* v. *Murray,* 15 Cal., 222; *Hart* v. *Plum,* 14 Cal., 149; *McKune* v. *Weller,* 11 Cal., 55.)

En apoyo de esta proposición, es suficiente reproducir un párrafo de una opinión de la Corte Suprema de California, que está sostenida por una larga serie de resoluciones, y que á la letra dice así:

"Cuando la ley especifica el tiempo en que dentro del cual debe verificarse algún acto, generalmente se declara que es directoria, á menos que el tiempo sea de lo más esencial en la cosa que ha de hacerse, ó á menos que el texto de la ley contenga palabras negativas, ó que demuestre que la designación del tiempo se hizo con el fin de limitar alguna facultad, autoridad, ó derecho."

*Pueblo* v. *Lake County*, 33 Cal., 492.

Los procedimientos de esta naturaleza no son semejantes al caso de *José López Zárate* v. *William Villavaso*, citado por el apelado, que se llevó en apelación de la corte municipal á la corte de distrito, y en la cual era deber del apelante procurar y presentar la transcripción del récord de la corte inferior para formalizar su recurso de apelación. La resolución dictada en aquel caso no es aplicable á las circunstancias del caso de autos. En la causa que nos ocupa el recurso de apelación queda formalizado por el mero hecho del aviso dado al Secretario y la corte de distrito inmediatamente toma completa jurisdicción.

Un examen cuidadoso de las autoridades citadas en los alegatos de ambas partes en el presente caso, apoyará el criterio expresado en este dictamen.

Por las razones consignadas en la presente, debemos revocar la sentencia dictada por la Corte de Distrito de Ponce el día 2 de marzo de 1907 y devolver el caso á dicho tribunal para que proceda de acuerdo con el presente dictamen.

*Revocada.*

Jueces concurrentes: Sres. Presidente Quiñones y Asociados, Figueras y Wolf.

El Juez Asociado Sr. Hernández no intervino en la resolución de este caso.